Appellant was convicted of aggravated assault, his punishment being assessed at a fine of $50.
He is charged with having committed an assault upon a woman. Without going into specific detail of the matter, and the charges given and refused, we are of opinion the evidence is not sufficient to justify the verdict. Substantially and briefly stated, appellant and Gregory claimed ownership in four acres of land upon which a small house was situated, and it seems both claimed title from a party who until recently occupied it but had moved to Haskell County. Appellant obtained possession from the seller, who had moved to Haskell County, and had placed a Mexican as his renter in charge of the house. The Mexican was occupying it. Gregory was desirous of getting possession of the property, and undertook to put Mrs. Welch, the alleged assaulted party, and her husband in possession of the house and get the Mexican out, who was holding it under McGlothlin, or at least to take charge of *Page 375 
the house so as to put Gregory in possession, thus giving him an advantage in any litigation that might arise. Appellant was notified of that at his home in Fort Worth and at once came upon the scene. When he reached the place he found Welch had moved some of his personal effects into the house, and was unloading more of such effects with a view of putting those in the house. Mrs. Welch came in a hack with this load of goods, and undertook to go in the house. Appellant was standing in the door. During their interview she undertook to enter the room. He had his hands across the door, and she claims that he had his fist up and it came down and struck her on the breast. We suppose that she was undertaking to convey the idea that he intentionally struck her; however, she does not say that. If there was any assault it was committed by this act. There was an effort on her part to enter and by appellant to prevent the entry of Welch and his wife. Mrs. Welch did not succeed in entering the house. They then went around to the opposite side of the house and sat down and had a conversation, the various parties, Gregory, Welch and appellant. The occurrence at the door came up and appellant denied striking the woman, and said if he did it was unintentional; that he had no purpose to injure her or in any way hurt her. These matters resulted ultimately in litigation, which seems to be now pending, between Gregory and appellant as to the ownership of the property. Appellant, through his Mexican tenant, was in possession of the house, and Gregory was undertaking to get possession through Welch and his wife's occupancy. This was prevented by the act of appellant, and if there was any assault, or his hand or fist struck her during the melee, he says it was unintentional; but whether or not, it all came up in this way. She was trying to enter and he was preventing her as best he could, he says, without assaulting her or without any intent to injure. Under this showing we are of opinion that appellant ought not to have been convicted.
The bills of exception with reference to charges are not discussed. Appellant had the right, we think, to use reasonable force to prevent the intrusion upon his possession of the property. There seems to be, even from the standpoint of the State, no contention that he used any more force than was necessary, if he used any. That has been sufficiently stated, however.
The judgment will be reversed and the cause remanded.
Reversed and remanded.